**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| ANTONIO PIERRE BARNETT, | * |
| Plaintiff, | * |
| v. | *     Case No.: GJH-19-1825 |
| | * |
| PRINCE GEORGE'S COUNTY POLICE DEPARTMENT, *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Antonio Pierre Barnett initiated this action pursuant to 42 U.S.C. § 1983 and filed a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. Barnett alleges that Defendants participated in the unlawful execution of a search warrant pursuant to an illegal indictment, resulting in his unlawful arrest and conviction in violation of the Fourth and Fourteenth Amendments. ECF No. 1. For the following reasons, Barnett's Motion for Leave to Proceed in Forma Pauperis will be granted, but the Complaint must be dismissed.

**I.    BACKGROUND**

On April 7, 2017, after a jury trial in the Circuit Court for Prince George's County, Maryland ("State Court"), Barnett was convicted of involuntary manslaughter, use of a handgun in the commission of a crime of violence, and related firearm offenses. *See State v. Barnett*, Crim. Case No. CT160845X (Cir. Ct. Pr. Geo. Co.). On July 17, 2017, he was sentenced to incarceration for a period of thirty-five years. *Id.* Respondent Marnitta King was Barnett's

counsel in the case. *Id.* The matter is on appeal, *id.*, and Barnett has also has filed a petition for a writ of habeas corpus in the State Court, ECF No. 1 at 1–2.[1]

On June 20, 2019, Barnett filed a Complaint in this Court pursuant to § 1983 alleging that Respondents had violated his constitutional rights during the course of the proceedings in the State Court. ECF No. 1. Specifically, Barnett alleges that Judge Philip Nichols signed a "fraudulent" search warrant; Ms. King failed to ensure that his constitutional rights were protected in the execution of the search warrant and during criminal proceedings; the Prince George's County Police Department and Detective Dougherty violated his rights by executing "a bogus body intrusion search warrant"; and Unknown Detective Badge #2927 violated his right to due process when he wrote the statement of charges which led to the issuance of the indictment. *Id.* at 5, 7. As relief, Barnett asks for "no less then [sic] a jury trial," punitive damages, and injunctive relief to deter similar conduct in the future. *Id.* at 14, 15.

## II. DISCUSSION

Under 28 U.S.C. § 1915(a)(1), an indigent litigant may commence an action in this court without prepaying the filing fee. Because Barnett is indigent, the Court will grant his Motion to Proceed In Forma Pauperis.

To guard against possible abuses of this privilege, however, federal law requires dismissal of any claim that fails to state a claim on which relief may be granted or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). Against this background, the Court is also mindful of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Applying this standard, the Complaint must be dismissed for the following reasons.

### A. Claims against Judge Nichols

Barnett cannot maintain an action against Judge Nichols because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White,* 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."); *Hamilton v. Murray*, 648 Fed. App'x 344, 344–45 (4th Cir. 2016) ("Judges possess absolute immunity for their judicial acts and are subject to liability only in the 'clear absence of all jurisdiction.'") (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978)). The doctrine of judicial immunity shields judges from monetary claims against them both in their official and individual capacities. *Mireles v. Waco,* 502 U.S. 9, 9–10 (1991) (per curiam). Judicial immunity is absolute immunity; it protects a judge from any suit for damages based on judicial acts. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "grave procedural errors." *Stump*, 435 U.S. at 359. Barnett is suing Judge Nichols for decisions Nichols made in his capacity as a judge. Judge Nichols is therefore entitled to judicial immunity. Accordingly, the Court will dismiss all claims against Judge Nichols.

### B. Claims against Ms. King

Barnett also fails to state a viable claim against Ms. King. In order to bring a claim under § 1983, a plaintiff must show injury by a deprivation of rights, privileges, or immunities secured

by the United States Constitution by a person acting under "color of state law." *See* 42 U.S.C § 1983. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980); *Deas v. Potts*, 547 F.2d. 800, 800 (4th Cir. 1976). Barnett is suing Ms. King in her capacity as his trial counsel, and as such, Ms. King is not a state actor. Consequently, Barnett fails to state a claim against her upon which relief can be granted. The claims against Ms. King will be dismissed.

### C. Remaining Claims

Plaintiff's remaining claims against the Prince George's County Police Department, Detective Dougherty, Unknown Detective Badge #2927, John Doe, and Jane Doe challenge the legality of his conviction. Claims challenging the legality of a conviction are not cognizable in a § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, so complaints containing such claims must be dismissed without prejudice. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); s*ee also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (noting that *Heck* also applies to claims for injunctive relief). To hold otherwise would permit a civil action to undermine the finality of a criminal conviction. *See Harvey*, 278 F.3d at 374–75 (civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments"). Barnett's Complaint appears to seek damages or injunctive relief based on an allegedly improper conviction, so his allegations call into question the validity of his criminal proceedings and thereby implicate *Heck*. Barnett provides no evidence that his state conviction has been invalidated, so his claims therefore fail to state cognizable causes of action. As such, the claims will be dismissed.

### III. CONCLUSION

For the reasons stated, it is ordered by the United States District Court for the District of Maryland that:

1. The Clerk **SHALL AMEND** the docket to reflect the correct spelling of Judge Philip Nichol's name;

2. Petitioner Barnett's Motion to Proceed in Forma Pauperis, ECF No. 2, is **GRANTED**;

3. The claims against Judge Nichols and Marnitta King are **DISMISSED** with prejudice and the remaining claims are dismissed without prejudice;

4. The Clerk **SHALL MAIL** a copy of this Order to Plaintiff; and

5. The Clerk **SHALL CLOSE** this case.

Date: October 21, 2019 \_\_\_/s/_____
GEORGE J. HAZEL
United States District Judge